# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID EUGENE EAKLE,**

        **Plaintiff,**

v.                                                          Civil Action No. 2:09cv105
                                                          (Judge Maxwell)

**GROVER ROSENCRANCE,
JIM RUBENSTEIN AND ALL
UNIT MANAGERS AND
CORRECTIONAL OFFICERS
THAT WORK IN LOCK-UP
UNIT FOR SEGREGATION,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On August 25, 2009, the *pro se* plaintiff initiated this civil rights case in the United States District Court for the Southern District of West Virginia. Because the events giving rise to the cause of action occurred at the Huttonsville Correctional Center ("HCC") within this district, the case was transferred to this court on August 28, 2009. The plaintiff has since been granted permission to proceed as a pauper and his initial partial filing fee has been waived. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### I.   **Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. The Complaint

In the complaint, the plaintiff asserts that the administrative personnel in the segregation unit at HCC are violating the Eighth and Fourteenth Amendment rights of the inmates in that unit. For example, the plaintiff asserts that inmates are denied minimal personal items such as soap, shampoo deodorant and toothpaste. The plaintiff also asserts that inmates are made to wear hot clothes in excessive heat. In addition, the segregation inmates are not allowed drinking cups in their cells and are forced to purchase state hygiene items. The plaintiff complains that segregation inmates do not have an appropriate exercise yard and that they have no stools or chairs in their cells. The plaintiff complains that inmates have been complaining of these conditions for years, but that they have been afforded no relief. The plaintiff asks the court to "solve these problem(s)" and to stop the deprivations and harassment that the officers aim toward the inmates.

---

[1] *Id.* at 327.

### III. Analysis

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

Here, the plaintiff complains of the conditions of his confinement and asserts that his Eighth and Fourteenth Amendment rights are being violated. Therefore, it appears that the plaintiff attempts to make a claim of cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825 (1994) (the Eighth Amendment generally prohibits cruel and unusual punishment); Wilson v. Seiter, 501 U.S. 294 (1991) (the cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment). However, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In this case, even accepting the facts as stated in the complaint as true, the plaintiff has failed to establish a violation of the Eighth Amendment. The plaintiff has failed to show how any of the alleged deprivations pose an excessive risk to inmate health or safety. In fact, most of the plaintiff's claims are trivial. An inmate does not have a right to any particular hygiene products and his constitutional rights are not violated simply because he is required to use state supplied items. In addition, inmates in the segregation unit are generally there for disciplinary reasons. Therefore, it is neither unusual nor unreasonable for inmates in segregation to have less freedoms and/or privileges than inmates in the general population.

Moreover, the plaintiff in this case is a lawfully incarcerated individual. It is well-established that

> [l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a withdrawal which is justified by the considerations underlying our penal system. To argue that the incarcerated person can be only incarcerated and not be deprived of the average person's ordinary rights as he would have had them if the prisoner were not convicted and sentenced and confined is, as a matter of common ordinary logic, absurd. It is only where fundamental, humane and necessary rights are breached that the constitutional protections become involved.

Ray v. Com. of Pa, 263 F.Supp. 630 (W.D.Pa. 1967).

None of the complaints made in the instant case involve fundamental or necessary rights. It is not unreasonable or inhumane for a penal institution to require its inmates to use certain products or wear certain clothes. In addition, it is not unreasonable or inhumane for a penal institution to disallow inmates, particularly those in segregation, certain items. None of the alleged deprivations in this case, even if true, "shock the conscience." Nor are they "inconsistent with contemporary standards of decency" or "repugnant to the conscience of mankind." See Estelle v.

Gamble, 429 U.S. 97, 103 (1976). For these reasons, the plaintiff has failed to establish a violation of the Eighth Amendment and his complaint should be dismissed.

### IV. Recommendation

For the reasons set forth in this Opinion, the undersigned recommends that the plaintiff's complaint (Dckt. 2) be **DISMISSED** from the active docket of this court pursuant to 28 U.S.C.§§ 1915(e) for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 3, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE